OPINION OF THE COURT
Angelo A. Delligatti, J.
The People, via a written in limine motion, seek a ruling prohibiting the defendant from inquiring into or offering evidence of the victim’s prior sexual encounters, pursuant to CPL 60.42.
The defendant, a licensed psychiatrist, was indicted for the crimes of rape in the third degree (Penal Law § 130.25 [1]) and criminal sexual act in the third degree (Penal Law § 130.40 [1]), for acts he allegedly committed with a patient during a treatment session. The defendant is alleged to be a mental health care provider, as defined in Penal Law § 130.00 (13).
The element of lack of consent on the part of the victim, pleaded in both counts of the indictment is under paragraph (h) of subdivision (3) of Penal Law § 130.05. This section states that a patient of a health care provider or a mental health care provider is deemed to be incapable of consent to any sexual act performed during a treatment session with their mental health care provider. (See Penal Law § 130.05 [3] [h].)
The crimes that the defendant is charged with emanate from alleged conduct with a patient of his during a treatment session.
The genesis of this application revolves around leggings the victim wore on the date the alleged incident transpired.
The People moved for and the court granted DNA testing of the defendant which was used to compare against DNA stains found on the victim’s leggings. From the DNA testing done on the leggings it was established that there were five contributors to the genetic substances on the leggings, one of which includes the defendant’s DNA.
The People in sum, in their application, seek the court to rule prospectively on a defense that the People assume the defendant will put forth.
It is statutory law within New York State that a woman’s prior sexual history is inadmissible in a prosecution for a crime *219 under article 130 of the Penal Law, unless an enumerated exception to CPL 60.42 is invoked. CPL 60.42 is commonly referred to as the “Rape Shield Law” and provides as follows:
“§ 60.42 Rules of evidence; admissibility of evidence of victim’s sexual conduct in sex offense cases
“Evidence of a victim’s sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence:
“1. proves or tends to prove specific instances of the victim’s prior sexual conduct with the accused; or
“2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law within three years prior to the sex offense which is the subject of the prosecution; or
“3. rebuts evidence introduced by the people of the victim’s failure to engage in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact during a given period of time; or
“4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or
“5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.”
The court is of the opinion that CPL 60.42 (5) would be the only vehicle that the defendant could use to offer evidence concerning the DNA recovered from the victim’s leggings.
Subdivision (5) of CPL 60.42 allows for the prior sexual history of a victim if:
“[It] is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.”
Such inquiry would be governed by the two part test outlined in People v Williams (81 NY2d 303 [1993]). “CPL 60.42 (5) *220 requires only that the trial court hear an ‘offer of proof and provide ‘a statement ... of its findings of fact essential to its determination.’ ” (Id. at 313.)
In Black’s Law Dictionary (9th ed 2009), “offer of proof’ is defined as follows:
“used to persuade the court to admit the evidence, [an offer of proof] consists of three parts: (1) the evidence itself, (2) an explanation of the purpose for which it is offered (its relevance), and (3) an argument supporting admissibility. Such an offer may include tangible evidence or testimony (through questions and answers, a lawyer’s narrative description, or an affidavit).”
The burden would be on the defendant to make an offer of proof, setting forth the reason why the prior sexual history of the victim would be admissible and then the court would have to give a “statement” on why or why not said prior sexual history is admissible or inadmissible. The court must then give a statement of its decision, as set forth in People v Williams (at 314), “[a] statement adequately put [ting] defendant ] on notice of its reasoning and creat[ing] a record for appeal.”
It is the court’s reading of People v Williams (id.) that the defendant has the initial burden of putting forth the offer of proof and any depravation of such right would support a claim of arbitrariness by the court in a subsequent appeal of a conviction.
The People herein seek a ruling that would in essence deny the defendant the opportunity to be heard on a possible viable defense. To grant the People’s application herein “without due consideration of the individualized circumstances and interests present in the matter before [the court],” would run afoul of the defendant’s United States Constitution, Sixth Amendment rights. (See People v Williams at 313.)
Accordingly, the People’s application is hereby denied in all respects without prejudice to renew upon the defendant’s initial application under CPL 60.42 at the time of trial. Boiled down to its very essence this application is untimely and must await the facts that will be adduced at the time of trial.